# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GRAPHICS PROPERTIES HOLDINGS, INC., | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 12-1394-LPS |
| GOOGLE, INC., | : | |
| Defendant. | : | |
| GRAPHICS PROPERTIES HOLDINGS, INC., | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 12-1397-LPS |
| LENOVO HOLDING COMPANY, INC., and LENOVO (UNITED STATES) INC., | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

Pending before the Court in this patent infringement case is Defendants Google, Inc. ("Google"), Lenovo Holding Company, Inc., and Lenovo (United States) Inc.'s (collectively, "Lenovo," and together with Google, "Defendants") motion for leave to amend their answer pursuant to Federal Rule of Civil Procedure 15(a) to add a defense asserting that Plaintiff Graphics Properties Holdings Inc.'s ("GPH" or "Plaintiff") U.S. Patent No. 8,144,158 ("the '158 patent") is unenforceable due to GPH's inequitable conduct during prosecution before the United States Patent and Trademark Office ("PTO"). (C.A. No. 12-1394-LPS D.I. 85; C.A. No. 12-

1

1397-LPS D.I. 88) Plaintiff GPH opposes the motion on the grounds it is futile.[1] Having considered the relevant standards for inequitable conduct and for motions brought under Rule 15(a), *see, e.g.*, *Masimo Corp. v. Philips Elec. N. Am. Corp.*, 2014 WL 4365191, at *1 (D. Del. Sept. 2, 2014), the Court finds that Defendants' proposed amendment is not futile. Accordingly, Defendants' motion for leave to amend is GRANTED, for the following reasons.

1. On October 15, 2007, the Western District of Wisconsin ("District Court") construed the term "scan conversion" in U.S. Patent No. 6,650,327 ("the '327 patent") to mean "a process that specifies which pixels of the display screen belong to which primitives on an ***entirely floating point basis***." *Silicon Graphics, Inc. v. ATI Techs., Inc.*, 2007 WL 5614112, at *6-7 (W.D. Wis. Oct. 15, 2007) ("District Court Order") (emphasis added). On June 4, 2010, the Federal Circuit affirmed the District Court's construction of "scan conversion." *Silicon Graphics, Inc. v. ATI Techs., Inc.*, 607 F.3d 784, 791-92 (Fed. Cir. 2010) ("Federal Circuit Order") (rejecting patentee's argument that "the claims do not require 'scan conversion' to be entirely in floating point"). In doing so, the Federal Circuit stated that the specification of the '327 patent did not disclose or support scan conversion in any format except floating point. *See id.* at 791 (citing '327 patent specification describing "the invention" as a "scan conversion process [that] is now handled entirely on a floating point basis").

2. The patent-in-suit, the '158 patent, is a continuation of the '327 patent. Defendants' proposed Amended Answer alleges, on information and belief, that during prosecution of the '158 patent, GPH and its attorneys withheld the Federal Circuit Order with the

---

[1]The Court heard oral argument on the motion during a teleconference on October 31, 2014. (C.A. No. 12-1394-LPS D.I. 101) ("Tr.")

2

intent to deceive the PTO. In the application that issued as the '158 patent, GPH and its attorneys claimed a "scan converter being configured to scan convert data received at the input, *at least a portion* of the data received at the input being *in floating point format*." (D.I. 89 Ex. E) (Defendant Google's Amended Answer ("Am. Answer") at ¶ 21) (emphasis added) According to the Amended Answer, had the PTO been aware of the Federal Circuit Order – which stated that the specification's language requires scan conversion *entirely on "a floating point basis"* and that the specification provides no disclosure for scan conversion in any other format – the PTO would not have permitted the issuance of claims in the '158 patent. Specifically, the PTO would have concluded (I) the claims lacked adequate supporting disclosure to meet the requirements of 35 U.S.C. § 112, or (ii) the claims were not entitled to the priority date of the '327 patent (June 16, 1998) but rather could claim priority only to the effective filing date of their application (January 11, 2011), which would have led the PTO to consider an expanded range of prior art systems and publications (dated after June 16, 1998 but before January 11, 2011), which would in turn have then compelled the PTO to reject the claims. (*See* Am. Answer at ¶¶ 24-25)[2]

3. Under the specific circumstances presented here, the amendment is not futile. Plaintiff contends the amendment is futile because GPH provided the PTO examiner with actual notice of the District Court Order. Defendants' allegations of inequitable conduct, however, are based on GPH's failure to disclose the *Federal Circuit Order*. (Am. Answer at ¶¶ 24-26)

---

[2]Recently, this Court construed the term "scan converter," rejecting Defendants' contention that a "scan converter" must operate entirely on a floating point basis. (C.A. No. 12-1394-LPS D.I. 86 at 28-29) The parties now agree that this claim construction has no bearing on the present issue of inequitable conduct. (*See* D.I. 99 at 2)

3

Therefore, regardless of whether the examiner was provided with actual notice of District Court's Order during the '158 patent's prosecution – which it appears he was not[3] – it is undisputed that the examiner was not given actual notice of the Federal Circuit's subsequent decision. While Plaintiff contends this alleged non-disclosure is not material, as the Federal Circuit Order is merely cumulative of the District Court Order, Defendants have articulated a plausible theory to the contrary. The Amended Answer alleges that the Federal Circuit Order is material because it contained adverse statements not contained in the District Court Order. (*See id.* at ¶¶ 15, 19, 22-25) Indeed, unlike the District Court, the Federal Circuit ruled that "the specification never states that scan conversion is one of those operations" that can be performed in fixed point. *Silicon Graphics*, 607 F.3d at 791. Had such statements by the Federal Circuit been before the PTO, the PTO may have either rejected the '158 claims for failure to satisfy § 112 due to lack of written description, or may have found the '158 patent could not claim priority to the '327 patent and then, considering the expanded range of prior art, may have rejected those claims. *See Reiffin v. Microsoft Corp.*, 214 F.3d 1342, 1346 (Fed. Cir. 2000) ("In accordance with § 120, claims to subject matter in a later-filed application not supported by an ancestor application in terms of § 112 ¶ 1 are not invalidated; they simply do not receive the benefit of the earlier application's filing date."). GPH further argues futility because the Federal Circuit Order construed "scan conversion" and not, as the patent-in-suit claims, "scan converter." While it is true these are

---

[3]It is undisputed that GPH informed the PTO of the District Court Order during the prosecution of U.S. Patent No. 7,518,615 ("the '615 patent"), which was also a continuation of the '327 patent. (*See* D.I. 96 Ex. A (Supplemental Disclosure Statement of May 5, 2008) at 5) The parties also agree the '615 patent was reviewed by the same examiner as the '158 patent. (*See id.* at Ex. C ('158 patent Office Action), Ex. D ('615 patent Office Action) However, neither party alleges that the applicant affirmatively disclosed the District Court Order to the examiner during the prosecution of the '158 patent.

4

different claim terms, they are at minimum related, and any differences between them do not render Defendant's inequitable conduct claims futile. To the contrary, taking the factual allegations as true and drawing all reasonable inferences therefrom in Defendants' favor, the amendment is not futile.

4. In responding to Plaintiff's futility arguments, Defendants read the Court's recent decision in *Masimo,* 2014 WL 4365191, as standing for the proposition: "A patent applicant's intentional failure to disclose a claim construction ruling that is inconsistent with a position taken by the applicant before the Patent Office violates the applicant's duty of disclosure and may constitute inequitable conduct." (D.I. 85 at 3) (internal footnote omitted) Defendants' reading would expand *Masimo*'s case-specific holding,[4] which the Court emphasized was limited to the particular circumstances then before it. *See* 2014 WL 4365191, at *5 ("Regardless of whether a patentee in all cases has an obligation to disclose a District Court's adoption of an unobjected-to recommended claim construction, or whether a patentee has an obligation to explain the impact . . . to the examiner, under the facts alleged here it is plausible to believe that Masimo intentionally decided not to make these disclosures."). Given the Court's other conclusions in the instant case, it is unnecessary to resolve the parties' dispute as to just how much *Masimo* helps Defendants here.

---

[4]Among the facts alleged in *Masimo* that are not alleged was the examiner's express belief that she was acting consistent with the Court's claim construction when, instead, she was adopting a construction that had been rejected by the Court. *See* 2014 WL 4365191, at *4.

5

Accordingly, IT IS HEREBY ORDERED that Defendants' motion for leave to amend (C.A. No. 12-1394-LPS D.I. 85; C.A. No. 12-1397-LPS D.I. 88) is GRANTED. Defendants shall file their amended pleading no later than November 25, 2014.

Wilmington, Delaware
November 20, 2014

_____
UNITED STATES DISTRICT JUDGE